UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

DECISION AND ORDER

20-CR-6116 CJS/MWP

RONDELL ELLIS,

                Defendant.

_____

       This case was referred by text order of the undersigned, entered August 27, 2020, to Magistrate Judge Mark W. Pedersen, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). ECF No. 7. On December 17, 2020, Defendant filed an omnibus motion, ECF No. 24, seeking *inter alia,* suppression of tangible evidence and statements. Subsequently, on February 5, 2021, Defendant filed a supplemental motion, ECF No. 34, supported by his affidavit, requesting an evidentiary hearing on his suppression applications. On March 9, 2021, Judge Pedersen filed a Report and Recommendation ("R&R"), ECF No. 36, denying Defendant's request for an evidentiary hearing and recommending that Defendant's application to suppress tangible evidence and his application to suppress statements both be denied. After obtaining extensions, Defendant, on June 24, 2021, timely filed objections to the R&R, ECF No. 52, arguing that Judge Pedersen erred in denying his request for an evidentiary hearing, that his statements should be suppressed as "fruit of the poisonous tree," and that he has standing to contest the search of the bag at issue, in which a handgun was discovered

       Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. In that regard, the Court has now conducted such *de novo* review of the R&R. First, upon *de novo* review, the Court, for the

reasons set forth by Judge Pedersen in his R&R, makes the following finding that Defendant's motion to suppress tangible evidence is properly denied. In his affidavit attached to his supplemental motion, ECF No. 34, the Defendant states that the bag, recovered by the police and contained the handgun, was not his. This statement obviates the need for an evidentiary hearing on this point, since Defendant clearly lacks standing to contest the seizure and the search of the bag. That is to say, he has failed to allege any "reasonable expectation of privacy in the location or items searched." *Rakas v. Illinois*, 439 U.S. 128,143 (1978). Moreover, as Judge Pedersen points out, there is no factual dispute that even if the Defendant established standing, he abandoned whatever bag he was carrying. In that regard, as Judge Pedersen explains in his R&R "[i]t is well settled that if a defendant abandons property while he is being pursued by police officers, he forfeits any reasonable expectation of privacy he may have had in that property." *United States v. Soto-Beniquez,* 356 F.3d 1, 36 (1st Cir. 2003). Further, while an abandonment must be voluntary, "'the existence of police pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary.'" *United States v. Morgan*, 936 F.2d 1561, 1570 (10th Cir. 1991) (quoting, *United States v. Jones*, 707 F.2d 1169, 1172 (10th Cir. 1983)). In addition, even assuming police pursuit of Defendant constituted a show of authority enjoining him to halt, since he failed to comply, he was not "seized," and consequently, the property he abandoned is not subject to a motion to suppress. *California v. Hodari D.*, 499 U.S. 621, 629 (1991).

However, as to Defendant's application to suppress statements as "fruit of the poisonous tree," the Court finds that resolution of this motion requires an evidentiary hearing. The R&R leaves open the question of whether, when initially located, before the purse with the gun was discovered, Defendant was immediately arrested or simply detained. If the former, probable cause was clearly lacking to justify an arrest. An evidentiary hearing would help answer this

question. In this regard, as the Second Circuit has observed :

> . . . even though handcuffs are generally recognized as a "hallmark of a formal arrest," *id.* at 676 (collecting cases), not every use of handcuffs automatically renders a stop an arrest requiring probable cause to satisfy Fourth Amendment reasonableness, *see id.* at 675. The relevant inquiry is whether police have a reasonable basis to think that the person detained poses a present physical threat and that handcuffing is the least intrusive means to protect against that threat. *See id.* at 674. . . . . The court does not foreclose the possibility that, in other cases, the government may be able to point to circumstances supporting a reasonable basis to think that even an unarmed person poses a present physical threat <u>or flight risk</u> warranting handcuffing.

*United States v. Bailey*, 743 F.3d 322, 340 (2d Cir. 2014) (emphasis added). An evidentiary hearing should resolve this question. Moreover, even investigative stops made pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), no matter how brief, must be founded upon "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 30). *See also United States v. Sugrim*, 732 F.2d 25, 28 (2d Cir. 1984).

Here, there is a dearth of factual information. Among the questions to be answered at an evidentiary hearing would be the following. Before Defendant approached their vehicle, did the police officers see him engage in any suspicious activity? When Defendant approached, did either officer get a good look at the bag he was carrying? At the point the Defendant rode away, did the police have any basis to detain him? Other than identifying themselves as police, did the officers say anything to Defendant? Did they show him any identification? Did they indicate that they wanted to speak to him? Did they tell him not to ride away? In what manner did Defendant ride his bicycle away? As the police followed Defendant, did they say anything? How long were the police pursuing Defendant before they lost sight of him? How long after that did they locate him? Did the police say anything to Defendant at that time? How long was he detained before the bag was recovered? Was he handcuffed? At what point? How was the bag

identified by police as the one Defendant had been carrying?

Accordingly, while the Court, upon *de novo* review, denies Defendant's motion to suppress tangible evidence, this matter is recommitted back to Judge Pedersen, pursuant 28 U.S.C.A. § 636 (b)(1), to conduct an evidentiary hearing with respect to Defendant's application to suppress statements.

IT IS SO ORDERED.

Dated:   Rochester, New York
         July 22, 2021

                    ENTER:

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge